UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| NML CAPITAL, Ltd. | 08 Civ. 6978 (TPG) |
| | 09 Civ. 1707 (TPG) |
|        Plaintiff, | 09 Civ. 1708 (TPG) |
|    v. | **STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR INJUNCTIVE RELIEF PURSUANT TO THE EQUAL TREATMENT PROVISION** |
| REPUBLIC OF ARGENTINA, | |
|        Defendant. | |

--------------------------------------------------------x

      Pursuant to Local Rule 56.1, NML Capital, Ltd. ("NML") submits the following Statement of Facts in Support of its Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision, as to which therer are no genuine issues to be tried, for each of the above-captioned cases.

      1.    NML owns bonds issued by Argentina pursuant to the 1994 Fiscal Agency Agreement ("FAA"). Greenberg Dec. ¶¶ 3–4, 6–21, 23–24, 26–40.

      2.    In case nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG), NML has filed suit in this Court to recover for Argentina's default on a portion of the bonds NML owns (the "Defaulted Bonds"). Cohen Decl. ¶ 3.

      3.    The Defaulted Bonds have a total face value of $221,999,549. Greenberg Decl. ¶¶ 41–43.

      4.    The FAA provides that Argentina consents to the personal jurisdiction of this Court. Cohen Decl. Ex. A ¶ 22 (FAA).

      5.    The FAA provides that Argentina consents to service of process by service on its agent, Banco de la Nación Argentina, in New York City. Cohen Decl. Ex. A ¶ 22 (FAA).

6. The FAA provides that Argentina waives sovereign immunity to the fullest extent permitted by law. Cohen Decl. Ex. A ¶ 23 (FAA).

7. The FAA provides that Argentina agrees that the FAA would be governed by and construed in accordance with the laws of the State of New York. Cohen Decl. Ex. A ¶ 23 (FAA).

8. Paragraph 1(c) of the FAA provides:

> The Securities will constitute (except as provided in Section 11 below) direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

Cohen Decl. Ex. A ¶ 1(c) (FAA).

9. As of December 2001, Argentina defaulted on the Defaulted Bonds. Cohen Decl. Ex. B (Law 25,561); *id.* Ex. C (Decree No. 256); *id.* Ex. D (Law 25,565); *id.* Ex. E (Resolution No. 73); *id.* Ex. N (CNN article).

10. In 2005, Argentina offered bondholders who owned bonds issued under the FAA an "exchange offer" in which they were given the option to exchange their defaulted bonds for a new debt issue (the "2005 Exchange Bonds") worth approximately 30% of the defaulted bonds. Cohen Decl. Ex. J (The Republic of Argentina Prospectus (Jan. 28, 2010)); *id.* Ex. T (Bloomberg article).

11. In 2005, Argentina enacted Law 26,017 (the "Lock Law"). Cohen Decl. Ex. F.

12. The Lock Law prohibited Argentina's Executive Branch from reopening the debt exchange after it closed and from reaching any settlement involving untendered securities that had been eligible for the exchange. Cohen Decl. Ex. J, at 4 (The Republic of Argentina Prospectus (Jan. 28, 2010)).

13. Article 2 of the Lock Law provides that Argentina may not reopen the debt exchange. Cohen Decl. Ex. F (Law 26,017).

14. Article 3 of the Lock Law provides that bonds eligible for the 2005 exchange, but not tendered, would be subject to the following provision: "The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law." Cohen Decl. Ex. F (Law 26,017).

15. Article 4 of the Lock Law provides that "[t]he National Executive Power must—within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions—order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign security markets and exchanges." Cohen Decl. Ex. F (Law 26,017).

16. Bonds representing approximately 76% of Argentina's external debt under the FAA were tendered in the 2005 exchange. Cohen Decl. Ex. O (press release).

17. Argentina has made all payments due under the 2005 Exchange Bonds. Cohen Decl. Ex. Z, at 4 (prospectus).

18. In 2009, Argentina enacted Law 26,547, which temporarily suspended the Lock Law to permit Argentina to conduct another exchange in 2010. Cohen Decl. Ex. G (Law 26,547).

19. Law 26,547 prohibited Argentina from offering "holders of public debt that have brought judicial, administrative, or arbitration proceedings or any other type of proceeding treatment more favorable than the treatment afforded to holders who did not bring such proceedings." Cohen Decl. Ex. G, art. 5 (Law 26,547).

20. In 2010, Argentina offered bondholders who owned bonds issued under the FAA an "exchange offer" in which they were given the option to exchange their defaulted bonds for a new debt issue (the "2010 Exchange Bonds"). Cohen Decl. Ex. J (January 28, 2010 prospectus).

21. The 2010 exchange offer was completed on September 27, 2010. Cohen Decl. Ex. P (notice).

22. Argentina is scheduled to begin making semi-annual interest payments on the 2010 Exchange Bonds on December 2, 2010. Cohen Decl. Ex. M (Form of Par Bonds).

23. NML did not participate in the exchange offers and continues to own the Defaulted Bonds. Greenberg Decl. ¶¶ 3–4, 6–21, 23–24, 26–40, 46.

24. Since December 2001 and through the date of this statement under Local Rule 56.1, Argentina has not made any payments of principal or interest due to NML under the Defaulted Bonds. Greenberg Decl. ¶¶ 44–45.

25. Argentina has over $50 billion in reserves at the Bank for International Settlements. Cohen Decl. Ex. Q (screen shot of BCRA website).

Dated: New York, New York  
October 20, 2010

Respectfully submitted,

DECHERT LLP

Theodore B. Olson  
(tolson@gibsondunn.com)  
Matthew D. McGill  
(mmcgill@gibsondunn.com)       By: /s/ Robert A. Cohen  
Jason J. Mendro  
(jmendro@gibsondunn.com)       Robert A. Cohen  
GIBSON, DUNN & CRUTCHER LLP    (robert.cohen@dechert.com)  
1050 Connecticut Avenue, N.W.  Charles I. Poret  
Washington, D.C. 20036-5306    (charles.poret@dechert.com)  
(202) 955-8500                 1095 Avenue of the Americas  
                               New York, NY 10036-6797  
                               (212) 698-3500

Attorneys for Plaintiff NML Capital, Ltd.