# EXHIBIT A

## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

June 24, 2014

Re:   *NML Capital, Ltd. v. The Republic of Argentina*
        Nos. 08 Civ. 6978 (TPG) (S.D.N.Y.), 09 Civ. 1707 (TPG) (S.D.N.Y.),
        09 Civ. 1708 (TPG) (S.D.N.Y.)
      *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
        Nos. 09 Civ. 8757 (TPG) (S.D.N.Y.), 09 Civ. 10620 (TPG) (S.D.N.Y.),
        10 Civ. 3970 (TPG) (S.D.N.Y.), 10 Civ. 8339 (TPG) (S.D.N.Y.)
      *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
        Nos. 10 Civ. 1602 (TPG) (S.D.N.Y.), 10 Civ. 3507 (TPG) (S.D.N.Y.)
      *Blue Angel Capital I LLC v. The Republic of Argentina*
        Nos. 10 Civ. 4101 (TPG) (S.D.N.Y.), 10 Civ. 4782 (TPG) (S.D.N.Y.)
      *Pablo Alberto Varela v. The Republic of Argentina*
        No. 10 Civ. 5338 (TPG) (S.D.N.Y.)
      *Olifant Fund, Ltd. v. The Republic of Argentina*
        No. 10 Civ. 9587 (TPG) (S.D.N.Y.)

**YOU ARE HEREBY PLACED ON ACTUAL NOTICE PURSUANT TO
FED. R. CIV. P. 65(d)(2) OF THE FOLLOWING:**

This firm represents Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC,
ACP Master, Ltd. and Blue Angel Capital I LLC (collectively, the "Aurelius Plaintiffs"),
who are the plaintiffs in certain of the above-referenced actions, specifically Nos. 09 Civ.
8757, 09 Civ. 10620, 10 Civ. 1602, 10 Civ. 3507, 10 Civ. 3970, 10 Civ. 4101, 10 Civ.
4782, and 10 Civ. 8339. We write on behalf of all plaintiffs in all of the above-
referenced actions.

We are writing to provide you with actual notice of the orders described and enclosed
herein, and to ensure that you do not engage in any action that would facilitate or enable
Argentina's violation of such orders, whether with respect to payments on Exchange
Bonds (as defined in the orders) or otherwise.

June 24, 2014

On or about November 21, 2012, Judge Thomas Griesa of the United States District Court for the Southern District of New York, issued the enclosed "Amended February 23, 2012 Orders," four separate orders that are identical in substance, which require Argentina to make Ratable Payments (as defined therein) to plaintiffs. Argentina's obligation to make Ratable Payments means that if Argentina makes a payment due to the Exchange Bondholders (the next payment is due on June 30, 2014), Argentina is obligated concurrently or in advance of such payment, to pay amounts due to plaintiffs in the above cases and to certify to the Court that such payments to plaintiffs have been made. The Amended February 23 Orders are in full force and effect and, following the United States Supreme Court's denial of Argentina's petition for a writ of certiorari on June 16, 2014, are no longer stayed. By order dated June 18, 2014 ("June 18, 2014 Second Circuit Order"), the United States Court of Appeals for the Second Circuit declared that the stay is lifted.

The Amended February 23 Orders further provide, *inter alia*, that:

> The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval of the Court.

On October 3, 2013, Judge Griesa issued an Order (the "October 3, 2013 Order"), which provides, *inter alia*, that:

> ORDERED that the Republic shall not – either directly or through any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of the Republic – take any action to attempt to evade the purposes and directives of the Amended February 23 Orders, attempt to render those Orders ineffective, or attempt to diminish the Court's ability to supervise compliance with the Amended February 23 Orders, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. This paragraph shall remain in effect during the pendency of any petition to the United States Supreme Court for a writ of certiorari with respect to the October 26 Opinion or the August 23 Opinion, any proceeding on the merits in the United States Supreme Court, and any proceedings on remand, unless a further order of the Court states otherwise.

> DECLARED that for the avoidance of doubt (i) the implementation of the plan to allow Exchange Bonds to be exchanged for securities or similar instruments payable in Argentina, which was announced by President Fernandez de Kirchner in her speech of August 26, 2013, (ii)

June 24, 2014

implementation of any functionally equivalent or reasonably similar plan, or (iii) any step towards implementing (including without limitation the formulation or design of) such a plan or a functionally equivalent or reasonably similar plan, each would violate the Anti-Evasion Injunction of the March 5 Order and Paragraph 2 of this ORDER.

On June 20, 2014, Judge Griesa issued an Order (the "June 20, 2014 Order"), which provides that:

> 1. In his June 17, 2014 speech, Argentina's Economy Minister Axel Kicillof proposed that Argentina initiate steps to carry out a debt exchange to pay the exchange bondholders in Argentina under Argentine law.
>
> 2. This court rules that the above proposal of the Economy Minister is in violation of the rulings and procedures now in place in the Southern District of New York, and the Republic of Argentina is prohibited from carrying out the proposal of the Economy Minister.

SO ORDERED.

Copies of the Amended February 23, 2012 Orders, the October 3, 2012 Order, the June 18, 2014 Second Circuit Order, and the June 20, 2014 Order are enclosed.

We are sending this letter so that we will have a written record confirming that you had actual notice pursuant to Fed. R. Civ. P. 65(d)(2) of the issuance of and provisions in the enclosed orders. Under that rule, these Orders automatically bind "the following who receive actual notice" of the Orders: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

Eric J. Finkelstein
Charles E. Enloe

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                 :
NML CAPITAL, LTD.,                               :
                                                 :              **ORDER**
                              Plaintiff,         :
                                                 :       08 Civ. 6978 (TPG)
          – against –                            :       09 Civ. 1707 (TPG)
                                                 :       09 Civ. 1708 (TPG)
REPUBLIC OF ARGENTINA,                           :
                                                 :
                              Defendants.         :
                                                 :
------------------------------------------------x

### AMENDED FEBRUARY 23, 2012 ORDER

WHEREAS, in an Order dated December 7, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic is "required . . . at all times to rank its payment obligations pursuant to NML's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 7, 2011 Order, this Court granted partial summary judgment to NML on its claim that the Republic repeatedly has breached, and continues to breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under NML's Bonds."

1

And WHEREAS NML Capital, Ltd. ("NML") has filed a renewed motion for equitable relief as a remedy for such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

Upon consideration of NML's renewed motion, the response of the Republic of Argentina (the "Republic") thereto, NML's reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

1.    It is DECLARED, ADJUDGED, and DECREED that NML is irreparably harmed by and has no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

a.  Absent equitable relief, NML would suffer irreparable harm because the Republic's payment obligations to NML would remain debased of their contractually-guaranteed status, and NML would never be restored to the position it was promised that it would hold relative to other creditors in the event of default.

b.  There is no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA because the Republic has made clear – indeed, it has codified in Law 26,017 and Law

26,547 – its intention to defy any money judgment issued by
this Court.

c. The balance of the equities strongly supports this Order in light
of the clear text of Paragraph 1(c) of the FAA and the Republic's
repeated failures to make required payments to NML. In the
absence of the equitable relief provided by this Order, the
Republic will continue to violate Paragraph 1(c) with impunity,
thus subjecting NML to harm. On the other hand, the Order
requires of the Republic only that which it promised NML and
similarly situated creditors to induce those creditors to
purchase the Republic's bonds. Because the Republic has the
financial wherewithal to meet its commitment of providing equal
treatment to both NML (and similarly situated creditors) and
those owed under the terms of the Exchange Bonds, it is
equitable to require it to do so. Indeed, equitable relief is
particularly appropriate here, given that the Republic has
engaged in an unprecedented, systematic scheme of making
payments on other external indebtedness, after repudiating its
payment obligations to NML, in direct violation of its
contractual commitment set forth in Paragraph 1(c) of the FAA.

d. The public interest of enforcing contracts and upholding the
rule of law will be served by the issuance of this Order,
particularly here, where creditors of the Republic have no

3

recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises.  No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

2.     The Republic accordingly is permanently ORDERED to specifically perform its obligations to NML under Paragraph 1(c) of the FAA as follows:

    a. Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to NML (as defined below and as further defined in the Court's Opinion of November 21, 2012).

    b. Such "Ratable Payment" that the Republic is ORDERED to make to NML shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to NML in respect of the bonds at issue in these cases (08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708), including pre-judgment interest (the "NML Bonds").

    c. Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic

4

intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

d. The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to NML.

e. Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all participants in the payment process of the Exchange Bonds ("Participants"). Such Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to NML.

f. "Participants" refer to those persons and entities who act in active concert or participation with the Republic, to assist the Republic in fulfilling its payment obligations under the Exchange Bonds, including: (1) the indenture trustees and/or registrars under the Exchange Bonds (including but not limited to The Bank of New York Mellon f/k/a/ The Bank of New York);

5

(2) the registered owners of the Exchange Bonds and nominees of the depositaries for the Exchange Bonds (including but not limited to Cede & Co. and The Bank of New York Depositary (Nominees) Limited) and any institutions which act as nominees; (3) the clearing corporations and systems, depositaries, operators of clearing systems, and settlement agents for the Exchange Bonds (including but not limited to the Depository Trust Company, Clearstream Banking S.A., Euroclear Bank S.A./N.V. and the Euroclear System); (4) trustee paying agents and transfer agents for the Exchange Bonds (including but not limited to The Bank of New York (Luxembourg) S.A. and The Bank of New York Mellon (including but not limited to the Bank of New York Mellon (London)); and (5) attorneys and other agents engaged by any of the foregoing or the Republic in connection with their obligations under the Exchange Bonds.

g. Nothing in this ORDER shall be construed to extend to the conduct or actions of a third party acting solely in its capacity as an "intermediary bank," under Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a funds transfer in connection with the Exchange Bonds.

h. Any non-party that has received proper notice of this ORDER, pursuant to Rule 65(d)(2), and that requires clarification as to

6

its duties, if any, under this ORDR may make an application to this Court, with notice to the Republic and NML. Such clarification will be promptly provided.

i. Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Participants, and to counsel for NML, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to NML.

3. NML shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

4. The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court;

5. This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated:  New York, New York
        November, 21 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
#:
DATE FILED: 11/21/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/26/12
```

------------------------------------------------x
                             :

AURELIUS CAPITAL MASTER, LTD. and    :
ACP MASTER, LTD.,                      :

                  Plaintiffs,    :   No. 09 Civ. 8757 (TPG)
                             :   No. 09 Civ. 10620 (TPG)

        - against -         :

THE REPUBLIC OF ARGENTINA,     :

                  Defendant.    :

------------------------------------------------ x
                             :

AURELIUS OPPORTUNITIES FUND II, LLC   :
and AURELIUS CAPITAL MASTER, LTD.,   :   No. 10 Civ. 1602 (TPG)
                             :   No. 10 Civ. 3507 (TPG)

                  Plaintiffs,    :

        - against -         :

THE REPUBLIC OF ARGENTINA,     :

                  Defendant.    :

------------------------------------------------x
                             :

AURELIUS CAPITAL MASTER, LTD. and    :
AURELIUS OPPORTUNITIES FUND II, LLC,   :

                  Plaintiffs,    :   No. 10 Civ. 3970 (TPG)
                             :   No. 10 Civ. 8339 (TPG)

        - against -         :

THE REPUBLIC OF ARGENTINA,     :

                  Defendant.    :   *(captions continue on following page)*

------------------------------------------------x

~~[PROPOSED]~~ **AMENDED FEBRUARY 23, 2012 ORDER**

1

2769327.1

```
------------------------------------------------------------ x
                                                             :
BLUE ANGEL CAPITAL I LLC,                                    :
                                                             :   No. 10 Civ. 4101 (TPG)
                                     Plaintiff,              :   No. 10 Civ. 4782 (TPG)
                                                             :
                     - against -                             :
                                                             :
THE REPUBLIC OF ARGENTINA,                                   :
                                                             :
                                     Defendant.              :
                                                             :
------------------------------------------------------------ x
```

WHEREAS, in an Order dated December 13, 2011, this Court found that, under

Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic is "required . . . at

all times to rank its payment obligations pursuant to Plaintiff's Bonds at least equally with all the

Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 13, 2011 Order, this Court granted partial summary

judgment to Plaintiffs Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Capital Master,

Ltd., Aurelius Opportunities Fund II, LLC and Blue Angel Capital I LLC (collectively

"Plaintiffs") on its claim that the Republic repeatedly has breached, and continues to breach, its

obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments

currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment

obligations currently due under Plaintiffs' Bonds."

And WHEREAS Plaintiffs have filed a motion for equitable relief as a remedy for

such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's

inherent equitable powers.

Upon consideration of Plaintiffs' motion, the response of the Republic of Argentina

2

(the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the

parties' papers and at oral argument, it is HEREBY ORDERED that:

    1.  It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably

harmed by and have no adequate remedy at law for the Republic's ongoing violations of

Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of

equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

    a.  Absent equitable relief, Plaintiffs would suffer irreparable harm because the
        Republic's payment obligations to Plaintiffs would remain debased of their
        contractually-guaranteed status, and Plaintiffs would never be restored to the
        position they were promised that they would hold relative to other creditors in
        the event of default.

    b.  There is no adequate remedy at law for the Republic's ongoing violations of
        Paragraph 1(c) of the FAA because the Republic has made clear – indeed, it
        has codified in Law 26,017 and Law 26,547 – its intention to defy any money
        judgment issued by this Court.

    c.  The balance of the equities strongly supports this Order in light of the clear text
        of Paragraph 1(c) of the FAA and the Republic's repeated failures to make
        required payments to Plaintiffs.   In the absence of the equitable relief
        provided by this Order, the Republic will continue to violate Paragraph 1(c)
        with impunity, thus subjecting Plaintiffs to harm.   On the other hand, the
        Order requires of the Republic only that which it promised Plaintiffs and
        similarly situated creditors to induce those creditors to purchase the Republic's
        bonds. Because the Republic has the financial wherewithal to meet its

commitment of providing equal treatment to both Plaintiffs (and similarly situated creditors) and those owed under the terms of the Exchange Bonds, it is equitable to require it to do so.    Indeed, equitable relief is particularly appropriate here, given that the Republic has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to Plaintiffs, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d.  The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises.    No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

2.  The Republic accordingly is permanently ORDERED to specifically perform its obligations to Plaintiffs under Paragraph 1(c) of the FAA as follows:

a.  Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to Plaintiffs (as defined below and as further defined in the Court's Opinion of November 21, 2012 in the *NML Capital, Ltd. v. The Republic of Argentina* cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708).

4

2769327.1

b. Such "Ratable Payment" that the Republic is ORDERED to make to Plaintiffs shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to Plaintiffs in respect of the bonds at issue in these cases (09 Civ. 8757, 09 Civ. 10620, 10 Civ. 1602, 10 Civ. 3507, 10 Civ. 3970, 10 Civ. 4101, 10 Civ. 4782, 10 Civ. 8339), including pre-judgment interest (the "Plaintiffs' Bonds").

c. Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

d. The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Plaintiffs.

e. Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all participants in the payment process of the Exchange Bonds ("Participants"). Such Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Plaintiffs.

f. "Participants" refer to those persons and entities who act in active concert or

5

participation with the Republic, to assist the Republic in fulfilling its payment

obligations under the Exchange Bonds, including: (1) the indenture trustees

and/or registrars under the Exchange Bonds (including but not limited to The

Bank of New York Mellon f/k/a/ The Bank of New York); (2) the registered

owners of the Exchange Bonds and nominees of the depositaries for the

Exchange Bonds (including but not limited to Cede & Co. and The Bank of

New York Depositary (Nominees) Limited) and any institutions which act as

nominees;  (3) the clearing corporations and systems, depositaries, operators

of clearing systems, and settlement agents for the Exchange Bonds (including

but not limited to the Depository Trust Company, Clearstream Banking S.A.,

Euroclear Bank S.A./N.V. and the Euroclear System);  (4) trustee paying

agents and transfer agents for the Exchange Bonds (including but not limited

to The Bank of New York (Luxembourg) S.A. and The Bank of New York

Mellon (including but not limited to the Bank of New York Mellon (London));

and (5) attorneys and other agents engaged by any of the foregoing or the

Republic in connection with their obligations under the Exchange Bonds.

g. Nothing in this ORDER shall be construed to extend to the conduct or actions

of a third party acting solely in its capacity as an "intermediary bank," under

Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a

funds transfer in connection with the Exchange Bonds.

h. Any non-party that has received proper notice of this ORDER, pursuant to

Rule 65(d)(2), and that requires clarification as to its duties, if any, under this

ORDER may make an application to this Court, with notice to the Republic

6

and Plaintiffs.   Such clarification will be promptly provided.

    i.   Concurrently or in advance of making a payment on the Exchange Bonds, the

Republic shall certify to the Court and give notice of this certification to its

Participants, and to counsel for Plaintiffs, that the Republic has satisfied its

obligations under this ORDER to make a Ratable Payment to Plaintiffs.

3.  Plaintiffs shall be entitled to discovery to confirm the timing and amounts of the

Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on

these and other obligations; and such other information as appropriate to confirm compliance

with this ORDER;

4.  The Republic is permanently PROHIBITED from taking action to evade the

directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's

ability to supervise compliance with the ORDER, including, but not limited to, altering or

amending the processes or specific transfer mechanisms by which it makes payments on the

Exchange Bonds, without obtaining prior approval by the Court;

5.  This Court shall retain jurisdiction to monitor and enforce this ORDER, and to

modify and amend it as justice requires to achieve its equitable purposes and to account for

changing circumstances.

Dated:  New York, New York
       Nov, 21, 2012

                      Thomas P. Griesa
                      U.S. District Judge

2769327.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PABLO ALBERTO VARELA, *et al.*,

                     Plaintiffs,

          - against -

THE REPUBLIC OF ARGENTINA,

                     Defendant.

------------------------------------------------------------x

No. 10 Civ. 5338 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/12

### [~~PROPOSED~~] AMENDED FEBRUARY 23, 2012 ORDER

       WHEREAS, in an Order dated December 13, 2011, this Court found that, under

Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic is "required . . . at

all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the

Republic's other present and future unsecured and unsubordinated External Indebtedness."

       WHEREAS, in its December 13, 2011 Order, this Court granted partial summary

judgment to Plaintiffs on their claim that the Republic repeatedly has breached, and continues to

breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king]

payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its

payment obligations currently due under Plaintiffs' Bonds."

       And WHEREAS Plaintiffs have filed a motion for equitable relief as a remedy for

such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's

inherent equitable powers.

       Upon consideration of Plaintiffs' motion, the response of the Republic of Argentina

1

2769325.1

(the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

1. It is DECLARED, ADJUDGED, and DECREED that Plaintiffs are irreparably harmed by and have no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

    a. Absent equitable relief, Plaintiffs would suffer irreparable harm because the Republic's payment obligations to Plaintiffs would remain debased of their contractually-guaranteed status, and Plaintiffs would never be restored to the position they were promised that they would hold relative to other creditors in the event of default.

    b. There is no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA because the Republic has made clear – indeed, it has codified in Law 26,017 and Law 26,547 – its intention to defy any money judgment issued by this Court.

    c. The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and the Republic's repeated failures to make required payments to Plaintiffs.   In the absence of the equitable relief provided by this Order, the Republic will continue to violate Paragraph 1(c) with impunity, thus subjecting Plaintiffs to harm.   On the other hand, the Order requires of the Republic only that which it promised Plaintiffs and similarly situated creditors to induce those creditors to purchase the Republic's bonds. Because the Republic has the financial wherewithal to meet its

2

commitment of providing equal treatment to both Plaintiffs (and similarly

situated creditors) and those owed under the terms of the Exchange Bonds, it

is equitable to require it to do so.    Indeed, equitable relief is particularly

appropriate here, given that the Republic has engaged in an unprecedented,

systematic scheme of making payments on other external indebtedness, after

repudiating its payment obligations to Plaintiffs, in direct violation of its

contractual commitment set forth in Paragraph 1(c) of the FAA.

d. The public interest of enforcing contracts and upholding the rule of law will be

served by the issuance of this Order, particularly here, where creditors of the

Republic have no recourse to bankruptcy regimes to protect their interests and

must rely upon courts to enforce contractual promises.    No less than any

other entity entering into a commercial transaction, there is a strong public

interest in holding the Republic to its contractual obligations.

2.   The Republic accordingly is permanently ORDERED to specifically perform its

obligations to Plaintiffs under Paragraph 1(c) of the FAA as follows:

a. Whenever the Republic pays any amount due under terms of the bonds or other

obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers,

or any subsequent exchange of or substitution for the 2005 and 2010

Exchange Offers that may occur in the future (collectively, the "Exchange

Bonds"), the Republic shall concurrently or in advance make a "Ratable

Payment" to Plaintiffs (as defined below and as further defined in the Court's

Opinion of November 21, 2012 in the *NML Capital, Ltd. v. The Republic of

Argentina* cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708).

3

b. Such "Ratable Payment" that the Republic is ORDERED to make to Plaintiffs shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to Plaintiffs in respect of the bonds at issue in these cases (09 Civ. 8757, 09 Civ. 10620, 10 Civ. 1602, 10 Civ. 3507, 10 Civ. 3970, 10 Civ. 4101, 10 Civ. 4782, 10 Civ. 8339), including pre-judgment interest (the "Plaintiffs' Bonds").

c. Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

d. The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to Plaintiffs.

e. Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all participants in the payment process of the Exchange Bonds ("Participants"). Such Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Plaintiffs.

f. "Participants" refer to those persons and entities who act in active concert or

4

participation with the Republic, to assist the Republic in fulfilling its payment

obligations under the Exchange Bonds, including: (1) the indenture trustees

and/or registrars under the Exchange Bonds (including but not limited to The

Bank of New York Mellon f/k/a/ The Bank of New York); (2) the registered

owners of the Exchange Bonds and nominees of the depositaries for the

Exchange Bonds (including but not limited to Cede & Co. and The Bank of

New York Depositary (Nominees) Limited) and any institutions which act as

nominees; (3) the clearing corporations and systems, depositaries, operators

of clearing systems, and settlement agents for the Exchange Bonds (including

but not limited to the Depository Trust Company, Clearstream Banking S.A.,

Euroclear Bank S.A./N.V. and the Euroclear System); (4) trustee paying

agents and transfer agents for the Exchange Bonds (including but not limited

to The Bank of New York (Luxembourg) S.A. and The Bank of New York

Mellon (including but not limited to the Bank of New York Mellon (London));

and (5) attorneys and other agents engaged by any of the foregoing or the

Republic in connection with their obligations under the Exchange Bonds.

g. Nothing in this ORDER shall be construed to extend to the conduct or actions

of a third party acting solely in its capacity as an "intermediary bank," under

Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a

funds transfer in connection with the Exchange Bonds.

h. Any non-party that has received proper notice of this ORDER, pursuant to

Rule 65(d)(2), and that requires clarification as to its duties, if any, under this

ORDER may make an application to this Court, with notice to the Republic

5

and Plaintiffs. Such clarification will be promptly provided.

i.  Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Participants, and to counsel for Plaintiffs, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to Plaintiffs.

3.  Plaintiffs shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

4.  The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court;

5.  This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated:  New York, New York
Nov. 21, 2012

Thomas P. Griesa
U.S. District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: 11/26/12                 │
└─────────────────────────────────────┘
```

- - - - - - - - - - - - - - - - - - - - - - -

OLIFANT FUND, LTD.,

          Plaintiff,

    - against -

REPUBLIC OF ARGENTINA,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - -

ORDER

10 Civ. 9587 (TPG)

**[~~PROPOSED~~] AMENDED FEBRUARY 23, 2012 ORDER**

Upon consideration of the motion by Olifant Fund, Ltd. ("Olifant") for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure ("FRCP") and for injunctive relief and/or specific performance pursuant to FRCP 65(d) and the court's inherent equitable powers, the response of the Republic of Argentina (the "Republic") thereto, and all other arguments submitted to the court in the parties' papers and at the hearing on this matter;

WHEREAS the uncontested facts establish that:

1.      The Republic issued bonds pursuant to a 1994 Fiscal Agency Agreement ("FAA").

2.      Paragraph 1(c) of the FAA provides, among other things, that:

> The Securities [i.e., the bonds] will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

1

3.     The bonds issued pursuant to the FAA contain the following clause, as

quoted in EM Ltd. v. The Republic of Argentina, 720 F. Supp. 2d 273, 278 (S.D.N.Y.

2010):

> The Republic has in the Fiscal Agency Agreement irrevocably
> submitted to the jurisdiction of any New York state or federal court
> sitting in the Borough of Manhattan, The City of New York and
> the courts of the Republic of Argentina (the "Specified Courts")
> over any suit, action, or proceeding against it or its properties,
> assets or revenues with respect to the Securities of this Series or
> the Fiscal Agency Agreement (a "Related Proceeding") except
> with respect to any actions brought under the United States federal
> securities laws.  The Republic has in the Fiscal Agency Agreement
> waived any objection to Related Proceedings in such courts
> whether on the grounds of venue, residence or domicile or on the
> ground that the Related Proceedings have been brought in an
> inconvenient forum.  The Republic agrees that a final
> nonappealable judgment in any such Related Proceeding (the
> "Related Judgment") shall be conclusive and binding upon it and
> may be enforced in any Specified Court or in any other courts to
> the jurisdiction of which the Republic is or may be subject (the
> "Other Courts"), by a suit  upon such judgment.

4.     Olifant owns bonds pursuant to the FAA ("Olifant's Bonds").

5.     The Republic issued other bonds in its 2005 and 2010 Exchange Offers

("Exchange Bonds"), thereby creating new unsecured and unsubordinated External

Indebtedness.

6.     The Republic has satisfied the payment obligations that have come due to

date under the Exchange Bonds.

7.     The Republic has not paid principal or interest on Olifant's Bonds since

December, 2001.

8.     Olifant has brought the above-captioned action to recover on the defaulted

bonds, pursuant to its legal rights, and also pursuant to the express undertakings in the

bonds.

2

9.      On February 10, 2005, Argentina enacted Law 26,017, providing that the "national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to bonds" that were eligible to participate in the 2005 Exchange Offer.

10.     On December 9, 2009, Argentina enacted Law 26,547, which, inter alia, suspended the effect of Law 26,017 for a period of time during which the 2010 Exchange Offer was launched, closed, and consummated.  Law 26,547 also provides that the "Republic of Argentina . . . is prohibited to offer holders of government bonds [including those issued pursuant to the FAA] who may have initiated judicial, administrative, arbitration or any other type of action [to enforce their rights], more favorable treatment than what is offered to those who have not done so."

WHEREAS Olifant claims that the Republic breached (and continues to breach) its contractual duty to rank its payment obligations under Olifant's Bonds at least equally with all its other present and future unsecured and unsubordinated External Indebtedness, Olifant seeks summary judgment on the Republic's liability for that breach, and Olifant seeks an injunction that would restore it to its bargained-for position among other creditors;

It is HEREBY ORDERED that:

1.      The motion for partial summary judgment pursuant to Rule 56(a) is GRANTED.

2.      It is DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph 1(c) of the FAA at all times to rank its payment obligations

3

pursuant to Olifant's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness.

3.    It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

4.    It is DECLARED, ADJUDGED, and DECREED that the Republic violates Paragraph 1(c) of the FAA whenever it lowers the rank of its payment obligations under Olifant's Bonds below that of any other present or future unsecured and unsubordinated External Indebtedness, including (and without limitation) by relegating Olifant's Bonds to a non-paying class by failing to pay the obligations currently due under Olifant's Bonds while at the same time making payments currently due to holders of other unsecured and unsubordinated External Indebtedness or by legislative enactment.

5.    It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it made payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Olifant's Bonds.

6.    It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Olifant's Bonds in violation of Paragraph 1(c) of the FAA when it enacted Law 26,017 and Law 26,547.

7.    It is DECLARED, ADJUDGED, and DECREED that the aforesaid laws were in direct violation of the right of Olifant under the FAA and the bond agreements to bring a legal action in court to recover on the defaulted bonds.

4

8.    It is DECLARED, ADJUDGED, and DECREED that Olifant is

irreparably harmed by and has no adequate remedy at law for the Republic's ongoing

violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly

support issuance of equitable relief to prevent the Republic from further violating

Paragraph 1(c) of the FAA, in that:

    a.    Absent equitable relief, Olifant would suffer irreparable harm

because the Republic's payment obligations to Olifant would

remain debased of their contractually-guaranteed status, and

Olifant would never be restored to the position it was promised

that it would hold relative to other creditors in the event of default.

    b.    There is no adequate remedy at law for the Republic's ongoing

violations of Paragraph 1(c) of the FAA because the Republic has

made clear—indeed, it has codified in Law 26,017 and Law

26,547—its intention to defy any money judgment issued by this

Court.

    c.    The balance of the equities strongly supports this Order in light of

the clear text of Paragraph 1(c) of the FAA and the Republic's

repeated failures to make required payments to Olifant.  In the

absence of the equitable relief provided by this Order, the Republic

will continue to violate Paragraph 1(c) with impunity, thus

subjecting Olifant to harm. On the other hand, the Order requires

of the Republic only that which it promised Olifant and similarly

situated creditors to induce those creditors to purchase the

Republic's bonds. Because the Republic has the financial wherewithal to meet its commitment of providing equal treatment to both Olifant (and similarly situated creditors) and those owed under the terms of the Exchange Bonds, it is equitable to require it to do so. Indeed, equitable relief is particularly appropriate here, given that the Republic has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to Olifant, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d. The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

9. The Republic accordingly is permanently ORDERED to specifically perform its obligations to Olifant under Paragraph 1(c) of the FAA as follows:

a. Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur

6

in the future (collectively, the "Exchange Bonds"), the Republic

shall concurrently or in advance make a "Ratable Payment" to

Olifant (as defined below and as further defined in the Court's

Opinion of November 21, 2012 in the *NML Capital, Ltd. v. The*

*Republic of Argentina* cases, Nos. 08 Civ. 6978, 09 Civ. 1707, and

09 Civ. 1708).

b.  Such "Ratable Payment" that the Republic is ORDERED to make

to Olifant shall be an amount equal to the "Payment Percentage"

(as defined below) multiplied by the total amount currently due to

Olifant in respect of the bonds at issue in this case (10 Civ. 9587),

including pre-judgment interest (the "Olifant Bonds").

c.  Such "Payment Percentage" shall be the fraction calculated by

dividing the amount actually paid or which the Republic intends to

pay under the terms of the Exchange Bonds by the total amount

then due under the terms of the Exchange Bonds.

d.  The Republic is ENJOINED from violating Paragraph 1(c) of the

FAA, including by making any payment under the terms of the

Exchange Bonds without complying with its obligation pursuant to

Paragraph 1(c) of the FAA by concurrently or in advance making a

Ratable Payment to Olifant.

e.  Within three (3) days of the issuance of this ORDER, the Republic

shall provide copies of this ORDER to all participants in the

payment process of the Exchange Bonds ("Participants"). Such

Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to Olifant.

f.      "Participants" refer to those persons and entities who act in active concert or participation with the Republic, to assist the Republic in fulfilling its payment obligations under the Exchange Bonds, including:  (1) the indenture trustees and/or registrars under the Exchange Bonds (including but not limited to The Bank of New York Mellon f/k/a/ The Bank of New York); (2) the registered owners of the Exchange Bonds and nominees of the depositaries for the Exchange Bonds (including but not limited to Cede & Co. and The Bank of New York Depositary (Nominees) Limited) and any institutions which act as nominees; (3) the clearing corporations and systems, depositaries, operators of clearing systems, and settlement agents for the Exchange Bonds (including but not limited to the Depository Trust Company, Clearstream Banking S.A., Euroclear Bank S.A./N.V. and the Euroclear System); (4) trustee paying agents and transfer agents for the Exchange Bonds (including but not limited to The Bank of New

8

York (Luxembourg) S.A. and The Bank of New York Mellon
(including but not limited to the Bank of New York Mellon
(London)); and (5) attorneys and other agents engaged by any of
the foregoing or the Republic in connection with their obligations
under the Exchange Bonds.

g.  Nothing in this ORDER shall be construed to extend to the conduct
or actions of a third party acting solely in its capacity as an
"intermediary bank," under Article 4A of the U.C.C. and
N.Y.C.L.S. U.C.C. § 4-A-104, implementing a funds transfer in
connection with the Exchange Bonds.

h.  Any non-party that has received proper notice of this ORDER,
pursuant to Rule 65(d)(2), and that requires clarification as to its
duties, if any, under this ORDER may make an application to this
Court, with notice to the Republic and Olifant. Such clarification
will be promptly provided.

i.  Concurrently or in advance of making a payment on the Exchange
Bonds, the Republic shall certify to the Court and give notice of
this certification to its Participants, and to counsel for Olifant, that
the Republic has satisfied its obligations under this ORDER to
make a Ratable Payment to Olifant.

10.  Olifant shall be entitled to discovery to confirm the timing and amounts of
the Republic's payments under the terms of the Exchange Bonds; the amounts the

9

Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

11.    The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court;

12.    This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated: New York, New York
November 2/, 2012

Thomas P. Griesa
U.S. District Judge

10

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

NML CAPITAL, LTD.,                          :       08 Civ. 6978 (TPG)
                                            :       09 Civ. 1707 (TPG)
                Plaintiff,                  :       09 Civ. 1708 (TPG)
                                            :
        v.                                  :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                Defendant.                  :
                                            :
------------------------------------------- x

AURELIUS CAPITAL MASTER, LTD. and           :
ACP MASTER, LTD.,                           :       09 Civ. 8757 (TPG)
                                            :       09 Civ. 10620 (TPG)
                Plaintiffs,                 :
                                            :
        v.                                  :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                Defendant.                  :
                                            :
------------------------------------------- x

AURELIUS OPPORTUNITIES FUND II, LLC         :
and AURELIUS CAPITAL MASTER, LTD.,          :       10 Civ. 1602 (TPG)
                                            :       10 Civ. 3507 (TPG)
                Plaintiffs,                 :
                                            :
        v.                                  :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                Defendant.                  :
                                            :       (captions continued on next page)
------------------------------------------- x

## [PROPOSED] ORDER

15019832

```
-------------------------------------   :
AURELIUS CAPITAL MASTER, LTD. and        :
AURELIUS OPPORTUNITIES FUND II,          :    10 Civ. 3970 (TPG)
LLC,                                     :    10 Civ. 8339 (TPG)
                                         :
         Plaintiffs,                     :
                                         :
v.                                       :
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
         Defendant.                      :  x
-------------------------------------
BLUE ANGEL CAPITAL I LLC,                :
                                         :
         Plaintiff,                      :    10 Civ. 4101 (TPG)
                                         :    10 Civ. 4782 (TPG)
v.                                       :
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
         Defendant.                      :  x
-------------------------------------
OLIFANT FUND, LTD.,                      :
                                         :
         Plaintiff,                      :    10 Civ. 9587 (TPG)
                                         :
v.                                       :
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
         Defendant.                      :  x
-------------------------------------
PABLO ALBERTO VARELA, et al.,            :
                                         :
         Plaintiff,                      :    10 Civ. 5338 (TPG)
                                         :
v.                                       :
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
         Defendant.                      :  x
-------------------------------------
```

2

WHEREAS, in Orders dated December 7, 2011, and December 13, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic of Argentina (the "Republic") is "required . . . at all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 7, 2011 and December 13, 2011 Orders, this Court granted partial summary judgment to Plaintiffs on their claims that the Republic has breached, and continues to breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Plaintiffs' bonds."[1]

WHEREAS, in Orders dated February 23, 2012 entered in the above-captioned actions (the "February 23 Orders"), this Court granted Plaintiffs' motions for equitable relief as a remedy for such violations of the FAA pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.[2]

WHEREAS, in an Order dated March 5, 2012 (the "March 5 Order"), the Court stayed the February 23 Orders pending appeal, and also enjoined the Republic as follows (the "Anti-Evasion Injunction"):

> [T]he Republic shall not during the pendency of the appeal to the Second Circuit take any action to evade the directives of the February 23, 2012 Orders in the event they are affirmed, render them ineffective in the event they are affirmed, or diminish the

---

[1] The term "Exchange Bonds," as in the Amended February 23 Orders, refers to the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future.

[2] The Court granted to Olifant Fund, Ltd. the relief that it granted to the plaintiffs in the other above-captioned actions in a single order, dated February 23, 2012.

Court's ability to supervise compliance with the February 23, 2012 Orders in the event they are affirmed, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court.

...

This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable purposes and account for materially changed circumstances, including any failure by the Republic to abide by Paragraph (2) herein.

WHEREAS, in an Opinion dated October 26, 2012 (the "October 26 Opinion"), the United States Court of Appeals for the Second Circuit affirmed the February 23, 2012 Orders in part and remanded in part "for such proceedings as are necessary to address the operation of the payment formula and the Injunctions' application to third parties and intermediary banks."

WHEREAS, following this Court's request for an affidavit ensuring that the Anti-Evasion Injunction would be complied with notwithstanding contrary statements to the press, the Republic submitted the Declaration of Francisco Guillermo Eggers, the Republic's Director of the National Bureau of Public Credit of the Ministry of Economy and Public Finance, dated November 16, 2012, representing "that the Republic has complied, is complying, and will comply with the terms of the March 5 Stay Order."

WHEREAS, the Court resolved the issues remanded for clarification by the Second Circuit in an Opinion, dated November 21, 2012 and an "Amended February 23 Order," dated November 21, 2012, entered in each of the above-referenced actions.

WHEREAS, in an "Order Concerning The March 5, 2012 Order," dated November 21, 2012, the Court vacated the clause staying enforcement of its injunction pending appeal, but left in place its injunction prohibiting Argentina from taking any action to evade the injunction.

WHEREAS, in an Order dated November 28, 2012, the Second Circuit ordered "that the November 21, 2012 orders of the district court entered in relation to this matter are all stayed pending further order of [the Second Circuit]," but did not stay the March 5 Order.

WHEREAS, on June 24, 2013, the Republic filed a petition for a writ of certiorari with respect to the October 26 Opinion.

WHEREAS, in an Opinion dated August 23, 2013 (the "August 23 Opinion"), the Second Circuit affirmed the Amended February 23 Orders, but stayed enforcement of the Amended February 23 Orders pending the resolution of a petition for a writ of certiorari.

WHEREAS, the August 23, 2013 opinion noted that "Argentina's officials have publicly and repeatedly announced their intention to defy any rulings of this Court and the district court with which they disagree." *NML Capital, Ltd. v. Republic of Argentina*, No. 12-105, 2013 WL 4487563, at *1 (2d Cir. Aug. 23, 2013).

AND WHEREAS, on August 26, 2013, the President of Argentina, Cristina Fernández de Kirchner, announced in a nationally-televised address that the Republic will establish procedures allowing holders of Exchange Bonds to replace these instruments with nearly identical instruments that are payable within the Republic, in an apparent attempt to evade the directives of the Amended February 23 Orders.

**IT IS HEREBY:**

1.      DECLARED that the Anti-Evasion Injunction of the March 5 Order has been and remains continuously in full force and effect.

2.      ORDERED that the Republic shall not—either directly or through any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of the Republic—take any action to attempt to evade the purposes and directives of the

Amended February 23 Orders: attempt to render those Orders ineffective, or attempt to diminish the Court's ability to supervise compliance with the Amended February 23 Orders, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. This paragraph shall remain in effect during the pendency of any petition to the United States Supreme Court for a writ of certiorari with respect to the October 26 Opinion or the August 23 Opinion, any proceeding on the merits in the United States Supreme Court, and any proceedings on remand, unless a further order of the Court states otherwise:

3.      DECLARED that for the avoidance of doubt (i) the implementation of the plan to allow Exchange Bonds to be exchanged for securities or similar instruments payable in Argentina, which was announced by President Fernández de Kirchner in her speech of August 26, 2013, (ii) implementation of any functionally equivalent or reasonably similar plan, or (iii) any step towards implementing (including without limitation the formulation or design of) such a plan or a functionally equivalent or reasonably similar plan, each would violate the Anti-Evasion Injunction of the March 5 Order and Paragraph 2 of this ORDER.

4.      ORDERED that with respect to any plan or proposal that may have the purpose, effect or intent, either directly or indirectly, of violating the Anti-Evasion Injunction or Paragraph 2 of this ORDER, including without limitation the measures described in Paragraph 3 of this ORDER, or which may be deemed by a reasonable person to have such purpose, effect or intent, the Republic shall disclose to Plaintiffs, within five business days of the entry of this ORDER, the existence and content of any communications between the Republic (or any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of the Republic) and: (i) any holders of beneficial interests in the Exchange Bonds or any

6

registered owners of the Exchange Bonds; (ii) any trustee, indenture trustee, paying agent, trustee

paying agent, transfer agent, or any agent under the relevant indenture and global notes for the

Exchange Bonds; (iii) any registrar, clearing corporations and systems, operators of clearing

systems, settlement agents, depositary, depositary participant or custodian for the Exchange

Bonds; (iv) any banking, financial, trust or custodial institution and any coordinator, manager,

solicitation agent, tender or exchange agent, or financial advisor; (v) any United States or

international regulator or government entity; or (vi) any agent, representative, or other person

acting on behalf of the persons identified in parts (i), (ii), (iii), (iv), or (v) of this paragraph.  For

the avoidance of doubt, this disclosure shall include the identity of all parties to the

communication, the date and nature of the communication, a detailed description of the content

of the communication, and any documents or records constituting or associated with the

communication (including without limitation any e-mails, attachments, facsimile transmissions,

or other written materials).  To the extent that any such communications come into existence

after the date of this ORDER, such communications shall be disclosed to the Court and to

Plaintiffs' respective counsel within five business days of the sending or receipt of such

communications.

     5.    This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on

notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable

purposes and to account for materially changed circumstances, including any failure by the

Republic to abide by the terms of the ORDER.

Dated: New York, New York
     September ~~_____, 2013~~

    *Oct. 3, 2013*

                             _____
                                  Thomas P. Griesa
                                  U.S. District Judge

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand and fourteen,

Before:    Rosemary S. Pooler,
           Barrington D. Parker,
           Reena Raggi,

        *Circuit Judges.*

| | |
|---|---|
| NML Capital, Ltd., Aurelius Capital Master, Ltd., ACP Master, Ltd., Blue Angel Capital I LLC, Aurelius Opportunities Fund II, LLC, Pablo Alberto Varela, Lila Ines Burgueno, Mirta Susana Dieguez, Maria Evangelina Carballo, Leandro Daniel Pomilio, Susana Aquerreta, Maria Elena Corral, Teresa Munoz De Corral, Norma Elsa Lavorato, Carmen Irma Lavorato, Cesar Ruben Vazquez, Norma Haydee Gines, Marta Azucena Vazquez, Olifant Fund, LTD.,<br>        Plaintiffs - Appellees,<br><br>v.<br><br>The Republic of Argentina,<br>        Defendant - Appellant,<br><br>The Bank of New York Mellon, as Indenture Trustee, Exchange Bondholder Group, Fintech Advisory Inc.,<br>        Non-Party Appellants,<br><br>Euro Bondholders, ICE Canyon LLC,<br>        Intervenors. | **ORDER**<br>Docket Nos. 12-105 (L), 12-109 (CON)<br>       12-111(CON), 12-157(CON),<br>       12-158 (CON), 12-163(CON),<br>       12-164(CON), 12-170(CON),<br>       12-176(CON), 12-185(CON),<br>       12-189(CON), 12-214(CON),<br>       12-909(CON), 12-914(CON,<br>       12-916(CON), 12-919(CON),<br>       12-920(CON), 12-923(CON),<br>       12-924(CON), 12-926(CON),<br>       12-939(CON), 12-943(CON),<br>       12-951(CON), 12-968(CON),<br>       12-971(CON), 12-4694(CON),<br>       12-4829(CON), 12-4865(CON) |

By Opinion dated August 23, 2013, the Court affirmed the district court's orders, as amended and stayed enforcement of the amended injunctions pending the resolution by the Supreme Court of a timely petition for a writ of certiorari. The mandate issued on December 11, 2013, following denial of the petitions for panel and en banc rehearing. The Supreme Court denied the petition for writ of certiorari on June 16, 2014.

IT IS HEREBY ORDERED that the August 23, 2013 stay of enforcement of the amended injunctions is lifted.

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

For The Court:

Catherine O'Hagan Wolfe, Clerk



CERTIFIED COPY ISSUED ON 06/18/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x

NML CAPITAL, LTD.,                          :        08 Civ. 6978 (TPG)
                                            :        09 Civ. 1707 (TPG)
          Plaintiff,                        :        09 Civ. 1708 (TPG)
                                            :
v.                                          :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :

-------------------------------------------------- x

AURELIUS CAPITAL MASTER, LTD. and           :
ACP MASTER, LTD.,                           :        09 Civ. 8757 (TPG)
                                            :        09 Civ. 10620 (TPG)
          Plaintiffs,                       :
                                            :
v.                                          :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :

-------------------------------------------------- x

AURELIUS OPPORTUNITIES FUND II, LLC         :
and AURELIUS CAPITAL MASTER, LTD.,          :        10 Civ. 1602 (TPG)
                                            :        10 Civ. 3507 (TPG)
          Plaintiffs,                       :
                                            :
v.                                          :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :        (captions continued on next page)

-------------------------------------------------- x

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/14

```
----------------------------------------------      :
AURELIUS CAPITAL MASTER, LTD. and           :
AURELIUS OPPORTUNITIES FUND II,             :   10 Civ. 3970 (TPG)
LLC,                                        :   10 Civ. 8339 (TPG)
                                            :
          Plaintiffs,                       :
                                            :
                                            :
v.                                          :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        x
----------------------------------------------
BLUE ANGEL CAPITAL I LLC,                    :
                                            :
          Plaintiff,                        :   10 Civ. 4101 (TPG)
                                            :   10 Civ. 4782 (TPG)
v.                                          :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :
----------------------------------------------   x
OLIFANT FUND, LTD.,                          :
                                            :
          Plaintiff,                        :   10 Civ. 9587 (TPG)
                                            :
v.                                          :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :
----------------------------------------------   x
PABLO ALBERTO VARELA, et al.,                :
                                            :
          Plaintiff,                        :   10 Civ. 5338 (TPG)
                                            :
v.                                          :
                                            :
THE REPUBLIC OF ARGENTINA,                  :
                                            :
          Defendant.                        :
----------------------------------------------   x
```

1.  In his June 17, 2014 speech, Argentina's Economy Minister Axel Kicillof proposed that Argentina initiate steps to carry out a debt exchange to pay the exchange bondholders in Argentina under Argentine law.

2.  This court rules that the above proposal of the Economy Minister is in violation of the rulings and procedures now in place in the Southern District of New York, and the Republic of Argentina is prohibited from carrying out the proposal of the Economy Minister.

SO ORDERED.

Dated:   New York, New York
         June 20, 2014

Thomas P. Griesa
United States District Judge

URGENT—IMPORTANT NOTICE
CONCERNING COURT ORDER