UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NML CAPITAL, LTD., | 08 Civ. 6978 (TPG) |
| Plaintiff, | 09 Civ. 1707 (TPG) |
| | 09 Civ. 1708 (TPG) |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

---

| | |
|---|---|
| AURELIUS CAPITAL MASTER, LTD. and ACP MASTER, LTD., | 09 Civ. 8757 (TPG) |
| | 09 Civ. 10620 (TPG) |
| Plaintiffs, | |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

---

| | |
|---|---|
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD., | 10 Civ. 1602 (TPG) |
| | 10 Civ. 3507 (TPG) |
| Plaintiffs, | |
| v. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | **(captions continued on next page)** |

---

**PLAINTIFFS' MEMORANDUM OF LAW IN PARTIAL
OPPOSITION TO THE MOTIONS FOR CLARIFICATION FILED
BY EUROCLEAR BANK SA/NV AND CLEARSTREAM BANKING S.A.**

2961914.1

```
------------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD. and                      :
AURELIUS OPPORTUNITIES FUND II, LLC,                   :    10 Civ. 3970 (TPG)
                                                       :    10 Civ. 8339 (TPG)
                        Plaintiffs,                    :
                                                       :
        v.                                             :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                                       :
                        Defendant.                     :
------------------------------------------------------ x
BLUE ANGEL CAPITAL I LLC,                              :
                                                       :
                        Plaintiff,                     :    10 Civ. 4101 (TPG)
                                                       :    10 Civ. 4782 (TPG)
        v.                                             :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                                       :
                        Defendant.                     :
------------------------------------------------------ x
OLIFANT FUND, LTD.,                                    :
                                                       :
                        Plaintiff,                     :    10 Civ. 9587 (TPG)
                                                       :
        v.                                             :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                                       :
                        Defendant.                     :
------------------------------------------------------ x
PABLO ALBERTO VARELA, et al.,                          :
                                                       :
                        Plaintiff,                     :    10 Civ. 5338 (TPG)
                                                       :
        v.                                             :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                                       :
                        Defendant.                     :
------------------------------------------------------ x
```

2961914.1

Plaintiffs NML Capital, Ltd. ("NML"); Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC (collectively, the "Aurelius Plaintiffs"); Olifant Fund, Ltd. ("Olifant"); and Pablo Alberto Varela, et al. (the "Varela Plaintiffs") (collectively, "Plaintiffs"), through their undersigned counsel, respectfully submit this memorandum of law in partial opposition to the motions for clarification filed by Euroclear Bank SA/NV ("Euroclear") and Clearstream Banking S.A. ("Clearstream").

## ARGUMENT

### THE EUROCLEAR AND CLEARSTREAM MOTIONS SHOULD BE DENIED WITH RESPECT TO DOLLAR-DENOMINATED BONDS

On June 27, 2014, the Court granted Citibank's motion for clarification or modification, and ruled that:

> [T]his Court's Amended February 23, 2012 Orders do not as a matter of law prohibit payments by Citibank, N.A.'s Argentine branch on Peso- and U.S. Dollar-denominated bonds—governed by Argentine law and payable in Argentina—that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as a custodian in Argentina.

(*See, e.g.*, Docket No. 393 in Action No. 09-cv-8757 (the "Citibank Order").)

Euroclear and Clearstream state that as a result of that order, they have received payment from Citibank on the Argentine law Exchange Bonds. (*See* Memorandum of Law in Support of Euroclear Bank SA/NV's Motion for Clarification ("Euroclear Mem.") at 3; Memorandum of Law of Clearstream Banking S.A. in Support of its Motion for Clarification or Modification of the June 27, 2014 Order ("Clearstream Mem.") at 3.) Euroclear and Clearstream both argue that the Court intended in the Citibank Order to rule that payments with respect to Argentine law bonds are excluded from the scope of the Amended February 23 Orders – and thus that third parties such as Euroclear and Clearstream should be free to facilitate the Republic's payments on those bonds.

2961914.1

However, the Argentine law bonds include not only peso-denominated bonds that are not External Indebtedness under the FAA (the "Peso-denominated Bonds"), but also U.S. Dollar-denominated Bonds that are External Indebtedness (the "U.S. Dollar-denominated Bonds"). The U.S. Dollar-denominated Bonds are covered by the *pari passu* provision in the FAA, and are clearly Exchange Bonds under the Amended February 23 Orders. The question of whether the U.S. Dollar-denominated Bonds are External Indebtedness is discussed in detail in Plaintiffs' motion for partial reconsideration of the Citibank Order, but the short answer is that they are, and that the governing law – whether the law of the United States, the United Kingdom, Japan, or Argentina – is irrelevant. External Indebtedness is based on the currency in which the bonds are paid, not the law under which they are issued.

Euroclear and Clearstream are now requesting an order granting permission to transfer to their participants all the payments they received from Citibank on both the Peso-denominated Bonds and the U.S. Dollar-denominated Bonds. But the U.S. Dollar-denominated Bonds are Exchange Bonds covered by the Amended February 23 Orders and External Indebtedness covered by the *pari passu* clause in the FAA. For Euroclear and Clearstream to seek authorization to effectuate payments on these Exchange Bonds to thousands of holders in the U.S. and Europe is to drive a gaping hole in this Court's orders. The sole basis that Euroclear and Clearstream offer for the relief they request is the Citibank Order that granted Citibank permission to pay Argentine law bonds to Citibank customers in Argentina.[1]

---

[1] Euroclear has separately filed a submission, concerning different bonds, in support of the motion of the "Euro Bondholders." (*See, e.g.*, Dkt. No. 570 in Action No. 08-cv-6978.) Plaintiffs are responding to that submission in their response to the motion of the Euro Bondholders, but not in this memorandum, which responds to the motions of Euroclear and Clearstream.

Plaintiffs have moved for partial reconsideration of the Citibank Order, and have asked the Court to make that order applicable only to the Peso-denominated Bonds, and not to the U.S. Dollar-denominated Bonds.  <u>Plaintiffs incorporate herein all the arguments set forth in their memorandum in support of that motion for partial reconsideration</u>.

If the Court grants Plaintiffs' motion for partial reconsideration of the Citibank Order – making clear that the Republic may not make payments on the *U.S. Dollar*-denominated Bonds, and that third parties who act in active concert or participation with the Republic's illegal payment risk contempt – the same standards should apply to any relief the Court may award Euroclear and Clearstream.  Plaintiffs do not oppose the granting of Euroclear's and Clearstream's motions solely with respect to the Peso-denominated Bonds.  Granting the Euroclear and Clearstream motions as to the U.S. Dollar-denominated bonds, however, would effectuate a significant and, we submit, improper modification of the Amended February 23 Orders, and would permit financial institutions to facilitate the Republic's payment of Exchange Bonds that are External Indebtedness in direct violation of those Orders.

If the Court were to deny Plaintiffs' motion for partial reconsideration with respect to the Citibank Order and thus permit Citibank to facilitate payments on U.S. Dollar-denominated Exchange Bonds, that would not necessarily mean that Euroclear and Clearstream should be permitted to facilitate such payments.  It would depend on the Court's reasons for ruling in favor of Citibank.  Consequently, even if the Court were to deny Plaintiff's motion for partial reconsideration with respect to the Citibank Order, Plaintiffs would continue to maintain that the Republic is barred under the Amended February 23 Orders and the *pari passu* provision of the FAA from making payments on the U.S. Dollar-denominated bonds without concurrently

or in advance making a Ratable Payment to Plaintiffs – and that Euroclear and Clearstream are barred from facilitating payments illegally initiated by the Republic.[2]

Dated: New York, New York
July 10, 2014

*[signature]* /CEE

Edward A. Friedman (efriedman@fklaw.com)
Daniel B. Rapport (drapport@fklaw.com)
Charles E. Enloe (cenloe@fklaw.com)
FRIEDMAN KAPLAN SEILER
  & ADELMAN LLP
7 Times Square
New York, New York 10036-6516
(212) 833-1100

*Attorneys for Plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., Blue Angel Capital I LLC*

---

[2] Clearstream asserts in a footnote that it "believes that this Court does not have personal jurisdiction over it," and that it "reserves the right to raise the issue of personal jurisdiction at a later time." (Clearstream Mem. at 4 n.2.) Since this is a reservation of rights (if any), it is not an argument the Court need address at this time. In any event, the Court would have jurisdiction over Clearstream and other third parties that help the Republic to make payments prohibited the Amended February 23 Orders. Under binding Second Circuit precedent, a district court may exercise specific jurisdiction over third parties outside of the district court's territorial jurisdiction if they assist an enjoined party to violate an injunction. *See Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 195 (2d Cir. 2010). Moreover, another court in this district has concluded that New York courts may also exercise general jurisdiction over Clearstream. *See Peterson v. Islamic Rep. of Iran*, No. 10 Civ. 4518, 2013 WL 1155576, at *18-19 (S.D.N.Y. Mar. 13, 2013). The transcript Clearstream cites in support of its personal jurisdiction argument is inapposite, as this Court in that case merely declined to freeze assets of the Republic held by Clearstream – that is, it declined to exercise *in rem* jurisdiction over assets located abroad – and did not address the question of personal jurisdiction over Clearstream. (*See* Dkt. No. 100 at pp. 51-52, *Seijas v. Rep. of Argentina*, No. 04 Civ. 400 (S.D.N.Y. Apr. 30, 2008).)

4

2961914.1

Kevin S. Reed
(kevinreed@quinnemanuel.com)
QUINN EMANUEL URQUHART
  &amp; SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff NML Capital, Ltd.*

Michael C. Spencer
(MSpencer@milberg.com)
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

*Attorneys for Plaintiffs Pablo Alberto Varela, et al.*

Leonard F. Lesser
(llesser@simonlesser.com)
SIMON LESSER PC
355 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 599-5455

*Attorneys for Plaintiff Olifant Fund, Ltd.*