UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NML CAPITAL, LTD.,<br><br>                 Plaintiff,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                 Defendants. | No. 08 Civ. 6978 (TPG)<br>No. 09 Civ. 1707 (TPG)<br>No. 09 Civ. 1708 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. and ACP MASTER, LTD.,<br><br>                 Plaintiffs,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                 Defendants. | No. 09 Civ. 8757 (TPG)<br>No. 09 Civ. 10620 (TPG) |
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD.,<br><br>                 Plaintiffs,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                 Defendants. | No. 10 Civ. 1602 (TPG)<br>No. 10 Civ. 3507 (TPG)<br>No. 10 Civ. 3970 (TPG)<br>No. 10 Civ. 8339 (TPG) |
| BLUE ANGEL CAPITAL I LLC,<br>                 Plaintiffs,<br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                 Defendants. | No. 10 Civ. 4101 (TPG)<br>No. 10 Civ. 4782 (TPG) |

*(captions continue on the following page)*

**REPLY MEMORANDUM OF LAW OF CLEARSTREAM BANKING S.A. IN SUPPORT OF ITS MOTION FOR CLARIFICATION OR MODIFICATION OF THE JUNE 27, 2014 ORDER**

| | |
|---|---|
| OLIFANT FUND, LTD.,<br>　　　　　　　　　　Plaintiffs,<br>　v.<br>THE REPUBLIC OF ARGENTINA,<br>　　　　　　　　　　Defendants. | No. 10 Civ. 9587 (TPG) |
| PABLO ALBERTO VARELA, et al.,<br>　　　　　　　　　　Plaintiffs,<br>　v.<br>THE REPUBLIC OF ARGENTINA,<br>　　　　　　　　　　Defendants. | No. 10 Civ. 5338 (TPG) |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT.................................................................................................................................. 1

    I.    PLAINTIFFS DO NOT OPPOSE A CLARIFICATION THAT CLEARSTREAM MAY TRANSFER PAYMENTS IT RECEIVES ON THE PESO-DENOMINATED ARGENTINE LAW BONDS FROM CITIBANK ARGENTINA ...................................... 1

    II.   THIS COURT NEED NOT ADDRESS QUESTIONS OF PERSONAL JURISDICTION AT THIS TIME................................................................................................................... 2

    III.  IF CITIBANK IS PERMITTED TO TRANSFER PAYMENTS ON THE U.S. DOLLAR-DENOMINATED ARGENTINE LAW BONDS, THEN CLEARSTREAM SHOULD NECESSARILY BE PERMITTED TO FACILITATE SUCH PAYMENTS .. 4

CONCLUSION............................................................................................................................... 5

Clearstream[1] respectfully submits this reply memorandum of law in further support of its motion for clarification or modification of this Court's June 27 Order.

## PRELIMINARY STATEMENT

As an international central securities depository headquartered in Luxembourg and incorporated under Luxembourg law, *see* Vassos Decl., at ¶ 3, Clearstream further requests an order confirming that the June 27 Order also allows Clearstream to transfer any funds it receives from Citibank Argentina on the bonds "governed by Argentine law and payable in Argentina" to Clearstream's customers, as set forth in the Proposed Order it submitted with the instant motion. In their Opposition, Plaintiffs do not dispute that Clearstream should be able to transfer payments on peso-denominated Argentine Law Bonds.

Plaintiffs now only dispute the transfer of payments on the U.S. dollar-denominated Argentine Law Bonds, and reference their motion to reconsider the June 27 Order with respect to those payments. As set forth below, if this Court continues to permit Citibank Argentina to facilitate such payments, then it should also permit Clearstream to do so. Prohibiting Clearstream to pass along such payments would be inconsistent with its prior decisions identifying Clearstream as a "Participant."

## ARGUMENT

### I. PLAINTIFFS DO NOT OPPOSE A CLARIFICATION THAT CLEARSTREAM MAY TRANSFER PAYMENTS IT RECEIVES ON THE PESO-DENOMINATED ARGENTINE LAW BONDS FROM CITIBANK ARGENTINA

"Plaintiffs do not oppose the granting of Euroclear's and Clearstream's motions solely with respect to the Peso-denominated Bonds." *See* Plaintiffs' Memorandum of Law in Partial

---

[1] All abbreviations and definitions of terms set forth in the Memorandum of Law of Clearstream Banking S.A. in Support of Its Motion for Clarification or Modification of the June 27, 2014 Order, submitted on July 7, 2014, at *NML Capital v. Rep. of Argentina,* 1:08-cv-06978-TPG, Dkt. No. 566, are adopted and incorporated by reference herein.

1

Opposition to the Motions for Clarification Filed by Euroclear Bank SA/NV and Clearstream Banking S.A. (hereinafter "Opp."), 1:08-cv-06978-TPG, Dkt. No. 584, at 2. Therefore, no dispute exists that the Republic and all subsequent Participants are allowed to transfer payments on Peso-denominated bonds "governed by Argentine law and payable in Argentina – that were issued by the Republic of Argentina in 2005 and 2010 to customers for whom it acts as custodian in Argentina," as directed by the June 27 Order. *See* Index No. 08 Civ. 6978, Doc. No. 547 (emphasis added). However, in an abundance of caution, Clearstream continues to hold payments it has received from Citibank Argentina on the peso-denominated bonds, and asks that the Court amend its June 27 Order to explicitly confirm that Clearstream may transfer any funds it has received from Citibank Argentina on the Peso-denominated Argentine Law Bonds without violating the Amended February 23, 2012 Orders, as set forth in Clearstream's Proposed Order. *See* 1:08-cv-06978-TPG, Dkt. No.564.

## II. THIS COURT NEED NOT ADDRESS QUESTIONS OF PERSONAL JURISDICTION AT THIS TIME

Clearstream believes that it is unnecessary for this Court to address issues of personal jurisdiction over Clearstream at this time. Likewise, Plaintiffs agree that "it is not an argument the Court need address at this time." Opp. at 4, n.2. As of this date, the only money that has passed to Clearstream are the payments this Court specifically permitted Citibank Argentina to make on the Argentine Exchange Bonds. As discussed below, we believe that, consistent with this Court's prior order, Clearstream can pass on to its clients the money that it has received from Citibank Argentina and that, therefore, the Injunction previously issued by this Court is not implicated. Accordingly, there is no need for this court to address the question of the whether or not Clearstream is subject to personal jurisdiction in this forum at this time. Accordingly, Clearstream currently takes no position on issues of personal jurisdiction raised in submissions

by Euroclear or the Euro Bondholders. If the Court believes that it needs to address the issue of personal jurisdiction, Clearstream will make an additional submission.

That said, Clearstream notes that Plaintiffs have stated that "another court in this district has concluded that New York courts may also exercise general jurisdiction over Clearstream" and cited *Peterson v. Islamic Rep. of Iran*, No. 10 Civ. 4518, 2013 WL 1155576, at *18-19 (S.D.N.Y. Mar. 13, 2013). *See* Opp. at 4. For the sake of clarity, Clearstream notes for the Court that the *Peterson* decision preceded subsequent seminal decisions on personal jurisdiction by both the United States Supreme Court, *see Daimler AG v. Bauman*, —— U.S. ——, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), and the Second Circuit Court of Appeals, *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 223 (2d Cir. 2014). In particular, the Second Circuit held that "[t]he Supreme Court's decision in *Daimler AG v. Bauman*, —— U.S. ——, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), reaffirms that general jurisdiction extends beyond an entity's state of incorporation and principal place of business only in the exceptional case where its contacts with another forum are so substantial as to render it 'at home' in that state." The Second Circuit's recognition that "even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum" is likely to alter the personal jurisdiction analysis previously utilized with respect to Clearstream in prior decisions. *Id.* at 226. If and when the need arises to address questions of personal jurisdiction with respect to Clearstream, the parties will work with the Court to set an appropriate schedule that permits both sides a more fulsome opportunity to address this issue.

### III. IF CITIBANK IS PERMITTED TO TRANSFER PAYMENTS ON THE U.S. DOLLAR-DENOMINATED ARGENTINE LAW BONDS, THEN CLEARSTREAM SHOULD NECESSARILY BE PERMITTED TO FACILITATE SUCH PAYMENTS

Plaintiffs maintain that "[i]f the Court were to deny Plaintiffs' motion for partial reconsideration with respect to the Citibank Order and thus permit Citibank to facilitate payments on U.S. Dollar-denominated Exchange Bonds, that would not necessarily mean that Euroclear and Clearstream should be permitted to facilitate such payments." Opp. at 3. Plaintiffs further contend that "even if the Court were to deny Plaintiff's motion for partial reconsideration with respect to the Citibank Order, Plaintiffs would continue to maintain that the Republic is barred under the Amended February 23 Orders and the *pari passu* provision of the FAA from making payments on the U.S. Dollar-denominated bonds without concurrently or in advance making a Ratable Payment to Plaintiffs – and that . . . Clearstream [is] barred from facilitating payments . . ." *Id.*

If this Court denies Plaintiffs' request for partial reconsideration and permits Citibank Argentina to facilitate payments on U.S. Dollar-denominated Argentine Law Bonds, then such a ruling would necessarily allow Clearstream to facilitate such payments. Barring Clearstream from facilitating such payment would be inconsistent with the Court's prior Order concerning "Participants." In its Order, dated November 21, 2012, this Court held that all "Participants" (including Clearstream) "in the payment process of Exchange Bonds" are "prohibited from <u>aiding and abetting</u> any violation of" the Orders. *NML Capital v. Rep. of Argentina,* 1:08-cv-06978-TPG, Doc. 425, at 8 (S.D.N.Y. Nov. 21, 2012) (emphasis added). Accordingly, if this Court now holds that the Republic is not enjoined from making payments on Argentine law governed bonds, then "Participants" including Clearstream cannot be found liable for "aiding and abetting" because no primary violation exists. Indeed, "[i]t is fundamental that a defendant

4

cannot be liable for aiding and abetting unless there is a primary wrong to aid and abet." *In re Refco Inc. Secs. Lit'n.*, 826 F. Supp. 2d 478, 531 (S.D.N.Y. 2011) ("The claims for aiding and abetting interference with contract or prospective contract should be dismissed with prejudice because they suffer from a basic flaw: they do not allege that anyone interfered with the contract . . . or the prospective contract . . .").

## CONCLUSION

For the foregoing reasons, the Amended February 23, 2012 Orders should not be construed to govern payments by Clearstream received from Citibank Argentina on Argentine Law Bonds to Clearstream's customers and, therefore, Clearstream should be permitted to transfer any funds (*i.e.* Peso-denominated and U.S. Dollar-denominated) it receives from Citibank Argentina on the bonds "governed by Argentina law and payable in Argentina" to its relevant customers.

Dated: New York, New York
       July 21, 2014

MORGAN, LEWIS & BOCKIUS LLP

   */s/ John M. Vassos*
John M. Vassos
jvassos@morganlewis.com
Mary C. Pennisi
mpennisi@morganlewis.com
101 Park Avenue
New York, New York 10178-0060
Tel:   (212) 309-6000
Fax:   (212) 309-6001

*Attorneys for Interested Party
Clearstream Banking S.A.*

DB1/ 80067319.4

5